| | |
|---|---|
| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
| CORPUS CHRISTI DIVISION | |

| | | |
|---|---|---|
| VINICIO JARAMILLO | § § § § | |
| | § | CIVIL ACTION NO. C-00-005 |
| versus | § § | ADMIRALTY / JURY DEMANDED |
| BROADWAY SHRIMP & OYSTERS, INCORPORATED and LEE KALISEK, *Individually and d/b/a KALISEK TRAWLERS* | § § § § | |

United States District Court
Southern District of Texas
FILED

FEB 22 2000

Michael N. Milby, Clerk

# JOINT REPORT OF RULE 26(f) CONFERENCE & JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW the Parties and file this their Joint Report of Discovery Conference, held pursuant to Fed. R. Civ. P. 26(f), and Joint Discovery/Case Management Plan, as commanded by this Honorable Court:

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    On February 22, 2000, the Rule 26 meeting was held between R. Blake Brunkenhoefer (for Plaintiff) and Lee Kalisek (for Defendants), via telephone conference.

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    None.

3. **Briefly describe what this case is about.**

1

On or about May 26, 1999, Plaintiff was aboard the F/V "HEATHER" (hereinafter, the "vessel") in the course and scope of his employment by and for the vessel and its legal owner(s) and/or operator(s), Defendants herein, as "captain" of this shrimp boat. On such date, while in the course and scope of his employment by and for the vessel and its owner(s)/operator(s), Plaintiff's right arm was ripped off just above the elbow when his right hand became affixed to the net cable (i.e., as he attempted to guide the cable onto the spool of the vessel's winch while hauling in the net) and his hand and arm were subsequently pulled into and through the spool of cable. Such injury occurred approximately one mile southeast of Indianola, Texas.

Plaintiff alleges that the incident and injury was precipitated by the following facts and circumstances, without limitation to same: (1) the vessel employed a winch cable that was unnecessarily coated with a thick, anticorrosive substance, which substance "glued" Plaintiff's hand to the cable as Plaintiff was attempting to align the incoming cable onto the spool of the winch; (2) the vessel employed a winch cable that was coated with an inordinate amount of this otherwise unnecessary, thick, anticorrosive substance, which substance "glued" Plaintiff's hand to the cable as Plaintiff was attempting to align the incoming cable onto the spool of the winch; (3) the vessel lacked a winch guard; (4) the power switches and gear lever were located in positions and/or at distances from the winch so as to prevent Plaintiff from shutting off the power or reversing the gear before his arm was pulled into and through the spool of cable, i.e., after his hand became affixed to the cable in question; (5) the vessel was inadequately manned (e.g., the only other crew member was "at the wheel" while Plaintiff brought in the nets alone and, as a result, there was no one to assist Plaintiff by shutting off the power or reversing the winch gear before Plaintiff's arm was pulled into and through the winch spool); and, (6) the vessel's crew was inadequately trained (i.e., Plaintiff was forced to bring in the nets, rather than running the vessel as would be customary for the ship's

2

captain, as his lone deckhand did not know how to use the winch in question).

For the above reasons, Plaintiff has alleged that the employer was negligent and the vessel in question was unseaworthy. Defendants dispute Plaintiff's claims of employer negligence and vessel unseaworthiness.

**4. Specify the allegation of federal jurisdiction.**

    **(a)**    Art. III, §2 of the United States Constitution (i.e., "all cases of admiralty and maritime jurisdiction");

    **(b)**    28 U.S.C. §1331 (i.e., "all civil actions arising under the Constitution, laws");

    **(c)**    28 U.S.C. §1333(1) (i.e., "any civil case of admiralty or maritime jurisdiction");

    **(d)**    28 U.S.C. §1916 (action by seaman, without pre-payment of costs, under the Judicial Code);

    **(e)**    46 U.S.C. §688, *et seq.* (a.k.a., the "Jones Act");

    **(f)**    28 U.S.C. §1367 ("supplemental jurisdiction"). See also, *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 (5th Cir.1990).

**5. Name the parties who disagree and the reasons.**

All Parties agree that this Court has jurisdiction of this cause.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Based upon Defendants' responses to Plaintiff's discovery efforts, Plaintiff may seek to add the manufacturer and seller of the cable in question and/or the manufacturer and seller of substance that so firmly affixed Plaintiff's hand to the cable in question. If necessary, Plaintiff would seek to include these additional parties in the instant proceedings within 30 days of their discovery.

**7. List anticipated interventions.**

None known at this time.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, state why not, and describe the arrangements that have been made to complete the disclosures.**

The Parties have agreed to exchange initial disclosures on or before March 31, 2000.

**10.    Describe the proposed agreed discovery plan, including:**

    **A.     Responses to all matters raised in Rule 26(f).**

The Parties have agreed to exchange initial disclosures on or before March 31, 2000.

    **B.     When and to whom the Plaintiff anticipates it may send interrogatories.**

Plaintiff shall serve Defendants with his Interrogatories and First Requests for Production on or before April 30, 2000.

    **C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendants shall serve Plaintiff with their Interrogatories and First Requests for Production on or before April 30, 2000.

    **D.     Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the following depositions on or before September 29, 2000:

(1)     The entire crew of the F/V HEATHER;

(2)     Plaintiff's wife;

(3)     Lee Kalisek;

(4)     Designated representatives of Defendants;

(5)     All current and/or former medical/healthcare providers of the Plaintiff;

4

(6) Plaintiff's "liability" and "damage" experts;

(7) All experts designated by Defendants, whether addressing "liability" or "damages"; and,

(8) Any other person(s) whom subsequent discovery discloses as having knowledge of facts relevant to the proper disposition of this case, including but not limited to those individuals with knowledge of the design, manufacture, sale, use and/or marketing of the vessel, the cable, and/or the substance which so firmly affixed Plaintiff's hand to the cable in question.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking the following depositions on or before September 29, 2000:

(1) Plaintiff;

(2) Plaintiff's wife;

(3) The entire crew of the F/V HEATHER;

(4) All current and/or former medical/healthcare providers of the Plaintiff;

(5) Plaintiff's "liability" and "damage" experts;

(6) All experts designated by Defendants, whether addressing "liability" or "damages"; and,

(7) Any other person(s) whom subsequent discovery discloses as having knowledge of facts relevant to the proper disposition of this case, including but not limited to those individuals with knowledge of the design, manufacture, sale, use and/or marketing of the vessel, the cable, and/or the substance which so firmly affixed Plaintiff's hand to the cable in question

**F.  When the Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and**

5

**provide their reports.**

The Parties will be able to designate experts on or before August 18, 2000.

The Parties will be able to designate responsive experts on or before September 8, 2000.

The Parties have agreed to provide the reports required by Rule 26(a)(2)(B) at the time of the designation of each expert for whom a report is required.

**G.     List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

At present, Defendants have not designated any experts at this time, and, thus Plaintiff cannot specifically identify those experts to be deposed. Any such expert depositions shall be concluded prior to September 29, 2000.

**H.     List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

At present, Plaintiff has not designated any experts at this time, and, thus Defendants cannot specifically identify those experts to be deposed. Any such expert depositions shall be concluded prior to September 29, 2000.

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13.    State the date the planned discovery can reasonably be completed.**

September 29, 2000.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26 meeting.**

   The Parties believe that the possibilities for prompt settlement or resolution are "poor" at this time.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   The Parties have participated in no settlement negotiations to date.

16. **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

   Respectfully, the Parties do not believe any alternative dispute resolution techniques are reasonably suitable for this case.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   All parties do not consent.

18. **State whether a jury demand has been made and if it was made on time.**

   A jury has been timely demanded.

19. **Specify the number of hours it will take to present evidence in this case.**

   Anticipating the results of as-yet-"unconducted" discovery in this cause, the Parties believe it will take approximately 16 hours to present evidence herein.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   None.

21. **List other motions pending.**

7

None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.

Defendants are *pro se* and appear herein by and through their owner/operator, Lee Kalisek.

23. Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff filed his Certificate of Disclosure of Interested Parties on January 6, 2000.

Defendants will file their Certificate of Disclosure of Interested Parties on February 25, 2000.

24. List the names, state bar numbers, addresses and telephone numbers of all counsel who have authority to represent the parties completely and bind their positions.

R. Blake Brunkenhoefer  
Texas State Bar No. 00783739  
So. Dist. of Texas Bar No. 15559  
R. BLAKE BRUNKENHOEFER, P.C.  
American Bank Plaza  
711 N. Carancahua, Suite 816  
Corpus Christi, Texas 78475  
Tel:   (512) 888-6655  
Fax:   (512) 888-5855  

Lee Kalisek, *pro se*  
o/b/o BROADWAY SHRIMP & OYSTERS, INCORPORATED  
and  
o/b/o KALISEK TRAWLERS  
912 Broadway  
Port Lavaca, Texas 77979  
Tel:   (361) 552-5434  
Fax:   (361) 552-4177  

Respectfully submitted,

_____  
R. Blake Brunkenhoefer  
Texas State Bar No. 00783739  
So. Dist. of Texas Bar No. 15559  
R. BLAKE BRUNKENHOEFER, P.C.  
American Bank Plaza  
711 N. Carancahua, Suite 816  
Corpus Christi, Texas 78475  

_____ by permission  
Lee Kalisek, *pro se*  
o/b/o BROADWAY SHRIMP & OYSTERS, INCORPORATED  
and  
o/b/o KALISEK TRAWLERS  
912 Broadway  
Port Lavaca, Texas 77979  

8