UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

CORPUS CHRISTI DIVISION

AUG - 7 2000

Michael N. Milby, Clerk

| | | |
|---|---|---|
| VINICIO JARAMILLO | § | |
| | § | |
| | § | CIVIL ACTION NO. C-00-005 |
| vs. | § | |
| | § | |
| BROADWAY SHRIMP & OYSTERS, | § | ADMIRALTY/JURY DEMANDED |
| INCORPORATED, LEE KALISEK, | § | |
| *Individually and d/b/a KALISEK* | § | |
| *TRAWLERS,* and ZIMCO MARINE, INC. | § | |

## DEFENDANT ZIMCO MARINE'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Zimco Marine, Inc. ("Zimco") files this its answer to Plaintiff's First Amended

Original Complaint and would respectfully show unto the Honorable Court the following:

### FIRST DEFENSE

Plaintiff's First Amended Original Complaint against Zimco fails to state a claim against

Zimco upon which relief can be granted pursuant to 12(b)(6) of the Federal Rules of Civil Procedure.

Zimco requests that Plaintiff's First Amended Original Complaint against it be dismissed with

prejudice.

### SECOND DEFENSE

Subject to and without waiving any other defenses whether or not enumerated herein, for

further answer and as a separate defense, Zimco answers the allegations contained within the

separately numbered paragraphs of Plaintiff's First Amended Original Complaint as follows:

1

## I.

Admitted as to Zimco.

## II.

Requires no response.

## III.

Admitted.

## IV.

Admitted.

## V.

A.     Zimco has insufficient information at this time to admit or deny.

B.     Zimco denies the averments.

C.     Zimco denies the averments.

## VI.

A.     Requires no response.

B.     Zimco denies the averments contained in paragraph VI, section B.

C.     Zimco denies the averments contained in paragraph VI, section C and answers the

        specific allegations as follows:

    1 (a)    Denied

    1 (b)    Denied

    1 (d)    Denied

    1 (e)    Denied

    2 (a)    Denied

    2 (b)    Denied

2 (c)     Denied

3 (a)     Denied

3 (b)     Denied

3 (c)     Denied

3 (d)     Denied

3 (e)     Denied

4 (a)     Denied

4 (b)     Denied

5 (a)     Denied

5 (b)     Denied

5 (c)     Denied

## VII.

A1.     Denied

A2.     Denied

A3.     Denied

B1.     Admitted

B2.     Defendant lacks sufficient information to either admit or deny.

B3.     Defendant lacks sufficient information to either admit or deny.

B4.     Defendant lacks sufficient information to either admit or deny.

B5.     Defendant lacks sufficient information to either admit or deny.

C.      Requires no response by this Defendant.

## VIII.

Paragraph requires no response.

3

## XI.

Defendant denies the averments contained in paragraph IX of Plaintiff's First Amended Original Complaint.

### THIRD DEFENSE

Zimco denies that the Plaintiff is entitled to any relief sought against it, whether as pleaded or otherwise.

### FOURTH DEFENSE

Zimco alleges and avers that the negligence of the Plaintiff was the sole cause, or alternatively the proximate cause of the alleged injury sustained by Plaintiff.

### FIFTH DEFENSE

Alternatively, Zimco alleges and avers that Plaintiff's alleged injuries, if any, were caused by the acts of omissions of parties and/or third-parties of whom Zimco is not legally responsible.

### SIXTH DEFENSE

Alternatively, Zimco alleges and avers that it is not the manufacturer of the subject Cable alleged to have been the cause of Plaintiff's injuries, if any.

### SEVENTH DEFENSE

Alternatively, Zimco alleges and avers that the subject Cable was not defective but was reasonably fit for its intended purpose when sold.

### EIGHTH DEFENSE

Alternatively, Zimco alleges and avers that the accident was unavoidable or was caused or contributed to by conditions of weather or other perils of the sea and for which Zimco is not legally responsible.

4

## NINTH DEFENSE

Alternatively, the alleged accident which is denied, resulted from risks well known to the Plaintiff, which were voluntarily assumed by him and were further caused by his own negligence, fault, and disregard for his own safety which bars any right of recovery or, in the alternative, in mitigation of damages sought herein.

BASED UPON THE FOREGOING, Zimco Marine, Inc. prays that the Plaintiff take nothing, that its First Amended Original Complaint be dismissed with prejudice as to this Defendant, that Defendant be exonerated from all fault or liability herein, and that Defendant be granted such other and further relief to which it may be justly entitled.

Respectfully submitted

**RATHWELL & NIZIALEK, P.C.**

BY: _____

Lyle R. Rathwell
State Bar No: 16562500
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:      (281) 296-8900
Telecopier:     (281) 296-6970

OF COUNSEL

Rathwell & Nizialek, P.C.
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:      (281) 296-8900
Telecopier:     (281) 296-6970

23

## CERTIFICATE OF SERVICE

I do certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via certified mail, return receipt requested on this 4th day of August 2000, properly addressed as follows:

Mr. R. Blake Brunkenhoeffer, P.C.          Mr. Lee Kalisek
American Bank Plaza                        912 Broadway
711 N. Carancahua, Suite 1000             Port Lavaca, Texas 77979
Corpus Christi, Texas 78475

Lyle R. Rathwell

6