UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 5 2000

Michael N. Milby, Clerk of Court

| | |
|---|---|
| VINICIO JARAMILLO § | |
| § | |
| § | CIVIL ACTION NO. C-00-005 |
| vs. § | |
| § | |
| BROADWAY SHRIMP & OYSTERS, § | ADMIRALTY/JURY DEMANDED |
| INCORPORATED, LEE KALISEK, § | |
| *Individually and d/b/a KALISEK* § | |
| *TRAWLERS,* and ZIMCO MARINE, INC. § | |

**DEFENDANT ZIMCO MARINE INC.'S THIRD-PARTY COMPLAINT AGAINST PAULSEN WIRE ROPE CORPORATION AND NATIONAL ROPES DIVISION OF PAULSEN WIRE ROPE CORP.**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, defendant, Zimco Marine, Inc.(hereinafter "Zimco"), and files this Third-Party Complaint against Paulsen Wire Rope Corporation and National Ropes Division of Paulsen Wire Rope Corp. (hereinafter collectively referred to as "Third-Party Defendants"), and for cause of action would respectfully show unto this Honorable Court the following:

**I.**

1. Third-Party Defendant, Paulsen Wire Rope Corporation, is a foreign corporation doing business in the State of Texas and may be served with process through its registered agent, C.T. Corp. System, 350 North St. Paul Street, Dallas, Texas 75201.

2. Third-Party Defendant National Ropes, Division of Paulsen Wire Rope Corp., is a foreign corporation and wholly owned division of Third-Party Defendant, Paulsen Wire Rope Corporation, but does not maintain an agent for service of process in Texas. National Ropes can be served with process through its parent company and registered agent, Paulsen Wire Rope

33

Corporation at the principal place of business for both Third-Party Defendants, 880 S. 2nd Street, Sunbury, Pennsylvania 17801.

## II.

3.  At all times material hereto, Third-Party Defendants designed, manufactured, sold, and introduced into the stream of commerce, the alleged wire cable made the basis of this suit.

4.  Defendant Zimco impleads Third-Party Defendants and tenders them directly liable to Plaintiff pursuant to FED. R. CIV. P. 14(c). This Court has jurisdiction pursuant to 28 U.S.C. § 1333 and § 1367(a).

## III.

5.  Zimco will show that Third-Party Defendants are wholly or partially liable, either to Plaintiff, or Zimco, by way of remedy, indemnity, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions, and that in Third-Party Defendants' absence, complete relief cannot be accorded among those already parties and/or that the Third-Party Defendants may be subject to a substantial risk of double, multiple, or otherwise inconsistent obligations, as contemplated in FED. R. CIV. P. 19.

6.  Zimco continues to sustain damage in the form of attorneys' fees and expenses associated with the litigation in the underlying personal injury claim of Plaintiff. Zimco requests indemnification for these expenses from Third-Party Defendants.

## IV.

7.  Plaintiff alleges that on or about May 26, 1999, while working within the scope of his maritime employment aboard the F/V HEATHER, he sustained severe injuries to his body. At the time of the accident, Plaintiff was apparently using his hand to guide a net cable into a winch when his hand became affixed to the net cable (the "Cable"), and was pulled into the winch.

8.  On or about December 13, 1996, Third-Defendants sold the Cable to Zimco. Third-Party Defendants are distributers of cable products and engaged in introducing into the stream of commerce the Cable product that Plaintiff was allegedly using during the incident in question. Plaintiff has alleged a marketing defect in the way the Cable was marketed, a design defect and a manufacturing defect in the subject Cable. Specifically, Plaintiff alleges a design defect with regard to strength and durability of the Cable; a manufacturing defect such that the Cable would deteriorate quickly when used for the purpose for which it was designed; and marketing defect regarding failure to warn of the inadequate strength and durability of the Cable that would break, fray or otherwise deteriorate in ways or at a speed that would be unexpected to the purchaser. Zimco denies each and every allegation as asserted by Plaintiff, but in the event such allegations are proven, Third-Party Defendants, as the designers, manufacturers, or sellers of the Cable are responsible for such defects. To the extent Plaintiff alleges that the Cable was in a defective condition when it left the hands of Zimco. Zimco denies such allegations, but to the extent that such allegations are proven to be true, the condition of the Cable was not altered and was in substantially the same condition when sold by Third-Party Defendants to Zimco, and then sold to defendant, Lee Kalisek and/or Broadway Shrimp & Oyster, Inc.

10. Plaintiff alleges that Zimco owed a duty of reasonable care to the users of its cable products and that Zimco had a duty to discover the dangerous propensities of its products and to warn those that might be endangered by it. Plaintiff further alleges that Zimco breached said duty and said breach was a producing cause of Plaintiff's injuries and damages as described in Plaintiff's First Amended Original Complaint. Zimco denies each and every allegation of duty and breach of duty as alleged by Plaintiff. However, to the extent that such duty and breach of duty is factually proven as a matter of law, Zimco alleges that such duty was owed by Third-Party Defendants, the distributors and/or manufacturers of the subject Cable and Third-Party Defendants' breach of such duty was the direct and proximate cause of Plaintiff's injuries and damages.

11. Plaintiff alleges Zimco expressly and impliedly warranted to the public generally, and specifically to the co-defendant, Lee Kalisek and the vessel's crew, including Plaintiff, that the Cable was marketable and fit for the particular purposes contemplated by co-defendant, Lee Kalisek and all prospective users of the Cable, and known to Zimco at the time of purchase. Further, plaintiff relies upon Texas Business & Commerce Code § 2.313 (1) express warranties by affirmation, promise, description, sample; § 2.314, implied warranty; merchant ability; usage of trade; and, § 2.315, implied warranty; fitness for a particular purpose, as well as § 2.318 of the Texas Business & Commerce Code and common law for extension of expressed and applied warranties to Plaintiff concerning the marketability, quality and safety of the Cable as specifically alleged in Plaintiff's First Amended Original Complaint. Zimco denies each and every allegation regarding breach of express and/or implied warranties under any statute or common law, but in the event such allegations are proven as a matter of law, Zimco alleges the Third-Party Defendants were responsible for the

condition of the Cable including such warranties and/or defects that were a producing cause of Plaintiff's alleged injuries.

12. Additionally, Plaintiff alleges that Zimco was negligent in method and manner in which the Cable in question was inspected, maintained, refurbished, repaired and/or marketed and/or by selling the defective Cable and failing to warn that it had dangerous propensities. Zimco denies all such allegations of negligence, but in the event such allegations are proven to be true, any such negligence was the direct result of the actions or inactions of Third-Party Defendant and that such negligence of Third-Party Defendants was the direct and sole proximate cause of Plaintiff's injuries described in Plaintiff's First Amended Original Complaint.

13. Zimco requests defense, indemnification, and contribution from Third-Party Defendants as a result of the foregoing acts.

## V.

14. Based on the foregoing, Zimco respectfully requests that:

   a) Plaintiff's claim be dismissed against Zimco and that a take nothing judgment be entered against Plaintiff as to Defendant Zimco;

   b) Judgment be entered against Paulsen Wire Rope Corporation in favor of Plaintiff;

   c) Alternatively, judgment be entered against National Ropes Division of Paulsen Wire Rope Corp. in favor of Plaintiff;

   d) The Third-Party Complaint of Zimco be granted and that a judgment be entered in favor of Zimco for all damages, expenses and costs in contribution or indemnification; and

   e) Zimco be awarded all other relief, both general and special, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

**RATHWELL & NIZIALEK, P.C.**

BY: _____
Lyle R. Rathwell
State Bar No: 16562500
Federal ID No.: 11361
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:    (281) 296-8900
Telecopier:    (281) 296-6970

ATTORNEY IN CHARGE FOR
DEFENDANT/THIRD-PARTY PLAINTIFF
ZIMCO MARINE, INC.

.

OF COUNSEL

**RATHWELL & NIZIALEK, P.C.**


Daniel E. Pellar
State Bar No: 00792750
Federal ID No.: 18873
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:    (281) 296-8900
Telecopier:    (281) 296-6970

6

## CERTIFICATE OF SERVICE

      I do certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via certified mail, return receipt requested on this 31st day of August 2000, properly addressed as follows:

Mr. R. Blake Brunkenhoeffer, P.C.       Mr. Lee Kalisek
American Bank Plaza       912 Broadway
711 N. Carancahua, Suite 1000       Port Lavaca, Texas 77979
Corpus Christi, Texas 78475

_____  * by permission
Daniel E. Pellar                                     of attorney
                                                            DMC.

7