IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 5 2000

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| **VINICIO JARAMILLO** | § § § | |
| | § | CIVIL ACTION NO. C-00-005 |
| vs. | § § | |
| **BROADWAY SHRIMP & OYSTERS, INCORPORATED, LEE KALISEK,** *Individually and d/b/a KALISEK TRAWLERS,* **and ZIMCO MARINE, INC.** | § § § § § | ADMIRALTY/JURY DEMANDED |

**DEFENDANT ZIMCO MARINE, INC.'S
UNOPPOSED MOTION FOR CONTINUANCE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Zimco Marine, Inc. ("Zimco"), files this its Unopposed Motion for Continuance, and in support hereof, would show the Court as follows:

**I.**

1. Zimco is filing a Motion for Leave to File a Third-Party Complaint bringing in additional necessary parties to this suit. Therefore, Zimco requests that this matter be continued from the December 4, 2000-trial docket to allow Zimco and the new parties adequate time to appear and prepare the case for trial.

**II.**

2. Zimco first appeared in this case on August 7, 2000, eight (8) months after the case was first filed by plaintiff. It was not Zimco's fault that it was brought into this case in the eleventh hour.

34

3.  Vinicio Jaramillo alleges that Zimco was the designer or manufacturer of a cable that is alleged to be defective and a producing cause of Plaintiff's accident. Zimco is not the designer of the cable and was not the manufacturer of the cable. Zimco purchased the cable from Paulsen Wire Rope Corporation and National Ropes Division of Paulsen Wire Rope Corporation and sold this cable to defendant, Lee Kalisek and/or Broadway Shrimp & Oyster, Inc. It remains unproven, however, whether the cable at issue in this matter is in fact the cable sold by Zimco.

4.  Zimco refers this Court to its Motion for Leave to File a Third-Party Complaint adding Paulsen Wire Rope Corporation and National Ropes Division of Paulsen Wire Rope Corp. ("Third-Party Defendants") This case is currently set for trial on December 4, 2000. There will not be sufficient time for the Third-Party Defendants to appear and properly prepare this case and defend themselves between now and the current trial setting. The undersigned has worked diligently in the short time Zimco has been involved in this matter and anticipates there may be other parties who may need to be brought into this litigation by plaintiff, defendants and/or the Third-Party Defendants Zimco now seeks leave to join.

5.  The September 29, 2000 discovery and expert designation deadline, in conjunction with a December 4, 2000 trial setting, is simply not an adequate amount of time for Zimco, Third-Party Defendants and perhaps other parties, who may be necessary for a just adjudication of this matter, to adequately prepare. The December 4, 2000 trial setting is the initial trial setting in this matter and was set well before Zimco was added to this litigation. For that matter, many of the deadlines imposed by the Court's Docket Control Order expired before Zimco was even served and/or appeared in this matter. Other critical deadlines, including a September 29, 2000 discovery

and expert designation deadline will expire well before Zimco can even complete preliminary discovery and/or prior to the Third-Party Defendants even appearing in this matter.

Plaintiff, Vinicio Jaramillo, is unopposed to a motion for continuance. Co-defendant, Lee Kalisek, representing himself and the remaining defendants *pro se*, indicates that he is unopposed to this motion. Again, Zimco should not be prejudiced by the current trial setting and Zimco should be given every opportunity to adequately defend itself and prepare for trial by adding the necessary parties to the litigation and conducting discovery commensurate with the complexity of this case.

6. In the alternative, if Zimco's Motion for Leave to File a Third-Party Complaint and Motion for Continuance are denied, then a dismissal of all claims and causes of action by Plaintiff against Zimco with prejudice should be ordered.

## IV.

7. This request for continuance is not for delay, but so that justice may be done.

## V.

8. For these reasons, Zimco Marine, Inc., respectfully request that the Court continue this matter from the December 4, 2000-trial setting. Defendant Zimco also requests such other and further relief, both legal and equitable, to which it may be justly entitled.

Respectfully submitted,

**RATHWELL & NIZIALEK, P.C.**

BY: _____
Lyle R. RATHWELL
State Bar No: 16562500
Federal ID No.: 11361
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:    (281) 296-8900
Telecopier:   (281) 296-6970

**ATTORNEY IN CHARGE FOR DEFENDANT, ZIMCO MARINE, INC.**

OF COUNSEL

**RATHWELL & NIZIALEK, P.C.**

Daniel E. Pellar
State Bar No: 00792750
Federal ID No.: 18873
Town Center One
1450 Lake Robbins Drive, Suite 300
The Woodlands, Texas 77380
Telephone:    (281) 296-8900
Telecopier:   (281) 296-6970

4

## CERTIFICATE OF CONFERENCE

      I hereby certify that the undersigned has conferred with counsel for plaintiff and he has stated he is not opposed to this motion for continuance. The undersigned has also conferred with defendant, Lee Kalisek who has chosen to represent himself and defendants Broadway Shrimp & Oysters, Inc., and Kalisek Trawlers *pro se*. Lee Kalisek has indicated he is not opposed to this motion for continuance.

_____  x by permission
Daniel E. Pellar                 of attorney in charge

5

## CERTIFICATE OF SERVICE

I do certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record via certified mail, return receipt requested on this 31st day of August 2000, properly addressed as follows:

Mr. R. Blake Brunkenhoeffer, P.C.  
American Bank Plaza  
711 N. Carancahua, Suite 1000  
Corpus Christi, Texas 78475  

Mr. Lee Kalisek  
912 Broadway  
Port Lavaca, Texas 77979  

_____  
Daniel E. Pellar

*sk by permission of attorneys in charge*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **VINICIO JARAMILLO** | § § § | |
| | § | **CIVIL ACTION NO. C-00-005** |
| **vs.** | § § | |
| **BROADWAY SHRIMP & OYSTERS,** | § | **ADMIRALTY/JURY DEMANDED** |
| **INCORPORATED, LEE KALISEK,** | § | |
| *Individually and d/b/a KALISEK* | § | |
| *TRAWLERS,* **and ZIMCO MARINE, INC.** | § | |

**ORDER ON DEFENDANT ZIMCO MARINE, INC.'S
UNOPPOSED MOTION FOR CONTINUANCE**

On this day came to be heard Defendant Zimco Marine, Inc.'s Unopposed Motion for Continuance. Having reviewed the Unopposed Motion, this Court has determined that the Motion should be and is hereby granted. It is therefore

ORDERED by this Court that this case is hereby removed from the December 4, 2000 trial docket and is reset on the two week docket beginning _____, _____, 2000.

SIGNED this _____ day of _____, 2000.

_____
UNITED STATES DISTRICT JUDGE