IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

**United States District Court**
**Southern District of Texas**
**ENTERED**

**OCT - 5 2000**

**Michael N. Milby, Clerk of Court**

*48.*

| | |
|---|---|
| VINICIO JARAMILLO,<br>    Plaintiff,<br><br>vs.<br><br>BROADWAY SHRIMP & OYSTERS,<br>INCORPORATED, LEE KALISEK,<br>INDIVIDUALLY AND D/B/A KALISEK<br>TRAWLERS,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§   CIVIL ACTION NO. C-00-005<br>§<br>§<br>§<br>§<br>§<br>§ |

## ORDER

Pending before the Court is Plaintiff's motion for leave to file an amended complaint and Plaintiff's oral motion, in the alternative, to dismiss this action without prejudice.  The Court heard the arguments of counsel and of Mr. Lee Kalisek, appearing *pro se*, at a hearing on September 26, 2000.  At that time, the Court also had pending before it the motion by defendant Zimco Marine, Inc. for leave to file a third-party complaint, as well as Zimco's motion to continue the trial setting.  At the hearing, Zimco withdrew both motions.  For the reasons set forth below, the Court denies Plaintiff's motions, but without prejudice to Plaintiff's seeking leave to join Broadway Trawlers, Inc., his former employer, as a defendant.

Case 2:00-cv-00005   Document 48   Filed in TXSD on 10/03/2000   Page 2 of 8

# I. JURISDICTION

The Court has jurisdiction over Plaintiff's claims in admiralty pursuant to 28 U.S.C. § 1333. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

# II. FACTS AND PROCEEDINGS

Plaintiff Vinicio Jaramillo filed this lawsuit on January 4, 2000. He sued Broadway Shrimp and Oysters, Incorporated ("Broadway Shrimp") and Lee Kalisek, individually and doing business as Kalisek Trawlers ("Kalisek"), alleging that his hand was caught on a wire rope and pulled through a winch on one of defendants' boats.

Kalisek and Broadway Shrimp were served on January 6, 2000. The parties agreed to extend the deadline for adjoining additional parties on several different occasions; the final deadline was June 9, 2000. On June 8, 2000, Plaintiff requested leave to add Zimco Marine, Inc. as a defendant; leave was granted, and Plaintiff's amended complaint was docketed as of June 17, 2000. (Plaintiff's First Amended Original Complaint.)

On September 5, 2000, Zimco filed a motion for leave to file a third-party complaint, in order to implead as third-party defendants Paulsen Wire Rope Corporation and National Ropes

2

Division of Paulsen Wire Rope Corporation (collectively,

"Paulsen").  In addition, Zimco requested a continuance of the

December 4, 2000 trial setting.  As stated above, Zimco withdrew

those motions at the September 26 hearing.

Plaintiff seeks to amend its complaint to add claims against

Paulsen; Plaintiff also sought to add claims against a new

defendant, McElroy Marine Machinery, the successor to the company

that manufactured the winch by which Plaintiff was injured.

Finally, Plaintiff seeks to add claims against Broadway Trawlers,

Inc., the Plaintiff's actual employer.  At the September 26

hearing, when it became clear that Paulsen would not be added as

a third-party defendant, Plaintiff made an oral motion for leave

to dismiss the entire suit without prejudice.  Zimco did not

agree to the dismissal.

## II. DISCUSSION

### Motion to Amend

The date set by this Court in its initial Scheduling Order

for joinder of parties was March 31, 2000, and for amendment of

pleadings was June 30, 2000.  The Scheduling Order was entered

following a pre-trial conference attended by counsel for

Plaintiff.  Plaintiff's motion to amend is untimely.

3

The Civil Rules endow the trial judge with formidable case-management authority.  <u>Rushing v. Kansas City Southern Ry. Co.</u>, 185 F.3d 496, 508 (5th Cir. 1999) (quoting <u>Rosario-Diaz v. Gonzalez</u>, 140 F.3d 312, 315 (1st Cir.1998)). Part of the authority includes establishing a case-management schedule that the court enters as an order, and a party who ignores any case-management deadline does so at his own peril.  <u>Id.</u>

Upon expiration of the deadline set in scheduling order, a party seeking to amend its pleadings must satisfy the standards of Fed. R. Civ. P. 16(b) before amendment will be allowed under Rule 15(a).  <u>See</u> <u>Janicki Logging Co. v. Mateer</u>, 42 F.3d 561, 566 (9th Cir. 1994); <u>Johnson v. Mammoth Recreations</u>, 975 F.2d 604, 607-608 (9th Cir. 1992); <u>Echert Cold Stores, Inc. v. BEHL</u>, 943 F. Supp. 1230, 1232-1233 (E.D. Cal. 1996); <u>Tschantz v. McCann</u>, 160 F.R.D. 568, 571 (N.D. Ind. 1995); <u>Deghand v. Wal-Mart Stores</u>, 904 F. Supp. 1218, 1221 (D. Kan. 1995); <u>Forstmann v. Culp</u>, 114 F.R.D. 83, 85 (M.D.N.C. 1987).  Therefore, consideration of the plaintiff's ability to amend his or her complaint is governed by Rule 16(b), not Rule 15(a).  <u>Johnson</u>, 975 F.2d at 608; <u>Echert</u>, 943 F. Supp. at 1232; <u>Tschantz</u>, 160 F.R.D. at 571.

Rule 16 provides that "[a] schedule <u>shall not</u> be modified except upon a showing of <u>good cause</u> and by leave of the district

4

judge ...." Fed. R. Civ. P. 16(b) (emphasis supplied). Rule 16(b) was designed to allow the district court to manage its calendar and to facilitate more efficient disposition of cases by settlement or by trial. Johnson, 975 F.2d at 610-611. To permit a party to disregard the deadlines set in a Rule 16 scheduling order by an appeal to the standard of Rule 15(a) would "undermine the court's ability to control its docket, disrupt the agreed-upon course of litigation, and reward the indolent." Id. at 610; Echert, 943 F. Supp. at 1233.

The focus of the Rule 16 "good cause" inquiry is on the party's diligence or lack thereof, in seeking amendment. Johnson, 975 F.2d at 609; 6A Wright, Miller, & Kane, Federal Practice and Procedure § 1522.1 (2d ed. 1990). If the moving party was not diligent in seeking amendment, leave to amend should be denied. Johnson, 975 F.2d at 609; Echert, 943 F. Supp. at 1233. If the plaintiff fails to demonstrate good cause, it is not necessary for the Court to consider whether the proposed amendment would be proper under Rule 15(a). See Echert, 943 F. Supp. at 1232 n.3.

Plaintiff's motion to amend assumed that Paulsen would be added as a defendant upon Zimco's motion, but as indicated above, Zimco essentially withdrew its motion after considering the

5

discussions that occurred during the September 26 hearing. Plaintiff has not moved affirmatively to add Paulsen or McElroy, but even if he had, the motion would be denied.

Plaintiff has not shown good cause for waiting until now to amend his complaint or to add Paulsen or McElroy. Although Plaintiff's counsel suggested that there were difficulties in obtaining information through discovery early in this case, counsel had not sought any assistance from this Court in resolving those difficulties, nor had he brought them to the Court's attention prior to the September 26 hearing.

Denying Plaintiff's motion will not unduly prejudice Plaintiff. Plaintiff can bring a separate action against McElroy and Paulsen and assert his claims against them in the separate suit. Allowing Plaintiff to amend his complaint and join new parties, however, will necessitate a delay in the trial setting, because it would be unfair to require the new parties to attempt to undertake and complete discovery in the short time remaining before trial. Plaintiff has not shown that any of the new defendants are necessary for the adjudication of his claims.

On the other hand, adding Broadway Trawlers, Inc. would not require a delay of trial or prejudice any of the parties. It is clear that Mr. Kalisek is the owner of that corporation. No, or

6

little, new discovery will be required as to Broadway Trawlers.

For that reason, the Court will consider a motion by Plaintiff to

to join Broadway Trawlers, Inc. as a defendant and to amend his

complaint to assert all causes of action against that defendant.

**Motion to Dismiss**

At the September 26 hearing, Plaintiff moved, in the

alternative, to dismiss this suit without prejudice.  Rule

41(a)(1) allows a Plaintiff to dismiss an action without order of

the Court "at any time before service by the adverse party of an

answer. . . ."  Fed. R. Civ. P. 41(a)(1)(i).  Plaintiff's oral

motion was made following Zimco's answer.  If parties have

appeared in the action, the Plaintiff may dismiss without

prejudice only by filing a stipulation of dismissal signed by all

parties who have appeared.  Fed. R. Civ. P. 41(a)(1)(ii).  Zimco

announced at the hearing that it did not consent to dismissal

without prejudice.

Plaintiff's motivation in dismissing the suit is to be able

to refile, naming all the proposed defendants in one suit.  "In

determining whether to grant a dismissal, the principal

consideration is whether the dismissal would prejudice the

defendant.  If a dismissal would unfairly prejudice the

defendant, then the plaintiff's motion to dismiss should be

7

denied."  <u>Schwarz v. Folloder</u>, 767 F.2d 125, 129 (5th Cir. 1985).
In this case, the Court concludes that dismissal would prejudice
Zimco, because at the hearing it appeared that Zimco may want to
seek a quick adjudication of its defenses on the merits of the
suit.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's
motion to amend its petition, without prejudice to seeking leave
join Broadway Trawlers, Inc. and amend his complaint accordingly;
and the Court DENIES Plaintiff's motion, in the alternative, to
dismiss this suit without prejudice.

Signed this _3rd_ day of October 2000.

JANIS GRAHAM JACK
UNITED STATES DISTRICT JUDGE

ClibPDF - www.fastio.com